_____ FILED _____
_____ LODGED _____

**DEC 05 2023**

AT SEATTLE
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
BY                          DEPUTY

The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>BRANDON LEE STANLEY,<br><br>Defendant. | NO. CR23-073 JNW<br><br>**PLEA AGREEMENT** |

The United States, through Acting United States Attorney Tessa M. Gorman and Assistant United States Attorneys Cecelia Gregson and Erika Evans of the Western District of Washington and Brandon Lee Stanley and his attorney Jesse Cantor enter into the following Plea Agreement, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B).

1.      **The Charges**.  Defendant, having been advised of the right to have this matter tried before a jury, agrees to waive that right and enters a plea of guilty to each of the following charges contained in the ~~Indictment~~. SUPERSEDING INFORMATION *JC CG*

//

Plea Agreement - 1
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

a.      Possession of Controlled Substances with Intent to Distribute, as charged in Count 1, in violation of Title 21, United States Code, Section 841(a)(1), 841(b)(1)(B).

b.      Unlawful Possession of a Firearm, as charged in Count 3, in violation of Title 18, United States Code, Section 922(g)(1).

By entering these pleas of guilty, Defendant hereby waives all objections to the form of the charging document. Defendant further understands that before entering any guilty plea, Defendant will be placed under oath. Any statement given by Defendant under oath may be used by the United States in a prosecution for perjury or false statement.

2.      **Elements of the Offenses**. The elements of the offenses to which Defendant is pleading guilty are as follows:

a.      The elements of Possession of Controlled Substances with Intent to Distribute, as charged in Count 1, are as follows:

*First,* the Defendant knowing possessed a controlled substance(s) (here methamphetamine); and

*Second,* the Defendant possessed the controlled substance(s) with the intent to distribute it to another person;

b.      The elements of Unlawful Possession of a Firearm, as charged in Count 3, are as follows:

*First*, the Defendant knowingly possessed a firearm;

*Second*, the firearm had been shipped and transported in interstate and foreign commerce; and

*Third*, the Defendant knew at the time he possessed the firearm that he had been convicted of one or more crimes punishable by imprisonment for a term exceeding one year.

Plea Agreement - 2
*United States v. Brandon Lee Stanley*, CR23-073 JNW

3.      **The Penalties**. Defendant understands that the statutory penalties applicable to the offenses to which Defendant is pleading guilty are as follows:

a.      For the offense of Possession of Controlled Substances with Intent to Distribute, as charged in Count 1:  A maximum term of imprisonment of up to forty years with a mandatory minimum five years imprisonment, a fine of up to $5,000,000.00, a period of supervision following release from prison of at least four years, and a mandatory special assessment of $100.00 dollars.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

b.      For the offense of Unlawful Possession of a Firearm, as charged in Count 3:  A maximum term of imprisonment of up to fifteen (15) years, a fine of up to $250,000.00, a period of supervision following release from prison of up to three (3) years, and a mandatory special assessment of $100.00 dollars per count.  If a probationary sentence is imposed, the probation period can be for up to five (5) years.

4.      **Drug Offense - Proof of Drug Quantity for Mandatory Minimum.** Defendant further understands that, in order to invoke the statutory sentence for the drug offenses charged in Count 1, the United States must prove beyond a reasonable doubt that the offense charged in Count 1 involved five grams or more of pure methamphetamine. Defendant expressly waives the right to require the United States to make this proof at trial and stipulates as a part of this plea of guilty that the Possession of Controlled Substances with Intent to Distribute, as charged in Count 1 involved five grams or more of pure methamphetamine.

Defendant understands that supervised release is a period of time following imprisonment during which Defendant will be subject to certain restrictive conditions and requirements.  Defendant further understands that, if supervised release is imposed and Defendant violates one or more of the conditions or requirements, Defendant could be returned to prison for all or part of the term of supervised release that was originally

Plea Agreement - 3
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

imposed. This could result in Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

Defendant understands that as a part of any sentence, in addition to any term of imprisonment and/or fine that is imposed, the Court may order Defendant to pay restitution to any victim of the offense, as required by law.

Defendant further understands that the consequences of pleading guilty may include the forfeiture of certain property, either as a part of the sentence imposed by the Court, or as a result of civil judicial or administrative process.

Defendant agrees that any monetary penalty the Court imposes, including the special assessment, fine, costs, or restitution, is due and payable immediately and further agrees to submit a completed Financial Disclosure Statement as requested by the United States Attorney's Office.

Defendant understands that, if pleading guilty to a felony drug offense, Defendant will become ineligible for certain food stamp and Social Security benefits as directed by Title 21, United States Code, Section 862a.

5.    **Immigration Consequences**. Defendant recognizes that pleading guilty may have consequences with respect to Defendant's immigration status if Defendant is not a citizen of the United States. Under federal law, a broad range of crimes are grounds for removal, and some offenses make removal from the United States presumptively mandatory. Removal and other immigration consequences are the subject of a separate proceeding, and Defendant understands that no one, including Defendant's attorney and the Court, can predict with certainty the effect of a guilty plea on immigration status. Defendant nevertheless affirms that Defendant wants to plead guilty regardless of any immigration consequences that Defendant's guilty plea(s) may entail, even if the consequence is Defendant's mandatory removal from the United States.

6.    **Rights Waived by Pleading Guilty.** Defendant understands that by pleading guilty, Defendant knowingly and voluntarily waives the following rights:

Plea Agreement - 4
*United States v. Brandon Lee Stanley*, CR23-073 JNW

a.    The right to plead not guilty and to persist in a plea of not guilty;

b.    The right to a speedy and public trial before a jury of Defendant's peers;

c.    The right to the effective assistance of counsel at trial, including, if Defendant could not afford an attorney, the right to have the Court appoint one for Defendant;

d.    The right to be presumed innocent until guilt has been established beyond a reasonable doubt at trial;

e.    The right to confront and cross-examine witnesses against Defendant at trial;

f.    The right to compel or subpoena witnesses to appear on Defendant's behalf at trial;

g.    The right to testify or to remain silent at trial, at which trial such silence could not be used against Defendant; and

h.    The right to appeal a finding of guilt or any pretrial rulings.

7.    **United States Sentencing Guidelines**. Defendant understands and acknowledges that the Court must consider the sentencing range calculated under the United States Sentencing Guidelines and possible departures under the Sentencing Guidelines together with the other factors set forth in Title 18, United States Code, Section 3553(a), including:  (1) the nature and circumstances of the offense(s); (2) the history and characteristics of Defendant; (3) the need for the sentence to reflect the seriousness of the offense(s), to promote respect for the law, and to provide just punishment for the offense(s); (4) the need for the sentence to afford adequate deterrence to criminal conduct; (5) the need for the sentence to protect the public from further crimes of Defendant; (6) the need to provide Defendant with educational and vocational training, medical care, or other correctional treatment in the most effective manner; (7) the kinds of sentences available; (8) the need to provide restitution to victims; and (9) the

Plea Agreement - 5
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

need to avoid unwarranted sentence disparity among defendants involved in similar conduct who have similar records. Accordingly, Defendant understands and acknowledges that:

      a.     The Court will determine Defendant's Sentencing Guidelines range at the time of sentencing;

      b.     After consideration of the Sentencing Guidelines and the factors in 18 U.S.C. § 3553(a), the Court may impose any sentence authorized by law, up to the maximum term authorized by law;

      c.     The Court is not bound by any recommendation regarding the sentence to be imposed, or by any calculation or estimation of the Sentencing Guidelines range offered by the parties or the United States Probation Department, or by any stipulations or agreements between the parties in this Plea Agreement; and

      d.     Defendant may not withdraw a guilty plea solely because of the sentence imposed by the Court.

8.    **Ultimate Sentence**. Defendant acknowledges that no one has promised or guaranteed what sentence the Court will impose.

9.    **Statement of Facts**. The parties agree on the following facts. Defendant admits Defendant is guilty of the charged offenses:

      a.     The Defendant was convicted of Unlawful Possession of a Firearm in the United States District Court under case number CR12-00351JLR on September 16, 2013, and sentenced to seventy-two months imprisonment and three years of supervised release. The Defendant was present when the sentence was imposed and had actual knowledge of this conviction and that he was ineligible to legally possess a firearm.

      b.     On January 19, 2023, Bellevue Police Department officers responded to level M of the parking lot at Bellevue Square Mall, located in Bellevue, Washington. Officers responded following a report by the head of security that two

Plea Agreement - 6
*United States v. Brandon Lee Stanley*, CR23-073 JNW

people were smoking narcotics inside a Honda Accord and were illegally parked in a handicapped parking spot.

        c.     Officers ~~pulled up behind~~ the stolen vehicle. The Defendant exited from the driver's side door, and his female passenger exited the passenger side of the vehicle. The Defendant claimed to be "Douglas Smile," but through a records check, identified the Defendant as Brandon Lee Stanley. Through the records check, officers discovered that the Defendant had an outstanding felony warrant. During the search incident to arrest, officers recovered 6.9 grams of methamphetamine and $878 in cash in small denominations.

        d.     Officers found a Ruger Security 9mm caliber pistol from underneath the Honda driver's seat—where the Defendant was sitting. The Ruger was loaded with a magazine containing ammunition, and a 9mm round of ammunition in the chamber. The Ruger was later determined stolen.

        e.     Officers executed a search warrant on the Honda and seized the following items:

- A multicolored rubber container containing drug paraphernalia and fentanyl residue seized from a black sunglass case on the front driver seat;;
- One plastic bag containing methamphetamine (located inside a black bag seized from the front driver side floorboard);
- One plastic bag containing methamphetamine (located inside a black bag seized from the front driver side floorboard);
- One plastic bag containing heroin (located inside a black bag seized from the front driver side floorboard);
- A smaller black bag containing blue pills marked M30 containing fentanyl and one single blue fentanyl pill (located inside a black bag seized from the front driver side floorboard);

Plea Agreement - 7
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

- One prescription bottle containing 19 Morphine sulfate pills and 14 Oxycodone pills (located inside a black bag seized from the front driver side floorboard);
- One Ruger handgun magazine containing 9mm rounds of ammunition and two suspected fentanyl pills (located inside a black bag seized from the front driver side floorboard);
- One plastic bag containing Alprazolam pills (inside of center console);
- One plastic bag containing Alprazolam pills (inside of center console);
- One wallet containing cards belonging to STANLEY and the female passenger (on center console);
- A black ballistic vest with soft armor panels (vehicle trunk);
- 3 fentanyl pills in tin foil (Swiss Army brand bag located in trunk);
- Documents with names and social security numbers (Swiss Army brand bag located in trunk);
- 4 sets of different vehicle keys (Swiss Army brand bag located in trunk);
- 5 sets of shaved keys (vehicle trunk); and
- An airsoft/pellet gun (located in the trunk).

f.    The Defendant admits that he possessed the methamphetamine with the intent to distribute it to other people. The Defendant knew he was ineligible to possess firearms and admits to knowing possession of the firearm located under the driver's seat.

g.    A certified Interstate Firearms and Ammunition Nexus Expert confirmed the Ruger, Model Security 9mm caliber pistol was not manufactured in the State of Washington and met the definition of a firearm under Title 18, United States Code, Section 921(a)(3).

The parties agree that the Court may consider additional facts contained in the Presentence Report (subject to standard objections by the parties) and/or that may be presented by the United States or Defendant at the time of sentencing, and that the factual

Plea Agreement - 8
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

statement contained herein is not intended to limit the facts that the parties may present to the Court at the time of sentencing.

10.    **Sentencing Factors**. The parties agree that the following Sentencing Guidelines provisions apply to Count 1, Possession of Controlled Substances with Intent to Distribute, as charged in Count 1, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B) are as follows:

a.    A base offense level of 26, pursuant to USSG § 2D1.1(7); and

b.    A two-level increase for possessing a dangerous weapon, pursuant to USSG §2D1.1(b)(1).

The parties agree they are free to present arguments regarding the applicability of all other provisions of the United States Sentencing Guidelines. Defendant understands, however, that at the time of sentencing, the Court is free to reject these stipulated adjustments, and is further free to apply additional downward or upward adjustments in determining Defendant's Sentencing Guidelines range.

11.    **Acceptance of Responsibility.**  At sentencing, *if* the Court concludes Defendant qualifies for a downward adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(a) and Defendant's offense level is 16 or greater, the United States will make the motion necessary to permit the Court to decrease the total offense level by three (3) levels pursuant to USSG §§ 3E1.1(a) and (b), because Defendant has assisted the United States by timely notifying the United States of Defendant's intention to plead guilty, thereby permitting the United States to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

12.    **Recommendation Regarding Imprisonment**. Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the United States agrees to recommend a term of imprisonment no greater than ten years. Defendant understands that this recommendation is not binding on the Court and the Court may reject the recommendation of the parties and may impose any term of imprisonment up to the statutory maximum penalty

Plea Agreement - 9
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

authorized by law. Defendant further understands that Defendant cannot withdraw a guilty plea simply because of the sentence imposed by the Court. Except as otherwise provided in this Plea Agreement, the parties are free to present arguments regarding any other aspect of sentencing.

13. **Forfeiture of Assets**. Defendant understands that the forfeiture of assets is part of the sentence imposed in this case.

Defendant agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all property, real or personal, that constitutes proceeds of, and/or that facilitated, his commission of Possession of Controlled Substances with Intent to Distribute, as charged in Count 1. This property is subject to forfeiture pursuant to Title 21, United States Code, Section 853 and includes but is not limited to a Ruger, 9mm caliber pistol, bearing serial number 381-16199, and all associated accessories and ammunition.

Defendant further agrees to forfeit to the United States immediately all of Defendant's right, title, and interest in any and all firearms and ammunition that were involved in his commission of Unlawful Possession of a Firearm, as charged in Count 3. This property is subject to forfeiture pursuant to Title 18, United States Code, Section 924(d), by way of Title 28, United States Code, Section 2461(c), and includes but is not limited to a Ruger, 9mm caliber pistol, bearing serial number 381-16199, and all associated ammunition.

Defendant agrees to fully assist the United States in the forfeiture of the above-described property and to take whatever steps are necessary to pass clear title to the United States, including but not limited to: surrendering title and executing any documents necessary to effectuate such forfeiture; assisting in bringing any assets located outside the United States within the jurisdiction of the United States; and taking whatever steps are necessary to ensure that assets subject to forfeiture are not sold, disbursed, wasted, hidden, or otherwise made unavailable for forfeiture. Defendant agrees not to

Plea Agreement - 10
*United States v. Brandon Lee Stanley*, CR23-073 JNW

file a claim to any of the above-described property in any federal forfeiture proceeding, administrative or judicial, which may be or has been initiated, and agrees not to assist anyone else in making a claim to this property.

The United States reserves its right to proceed against any remaining property not identified in this Plea Agreement, including any property in which Defendant has any interest, if that property facilitated and/or constitutes proceeds of his commission of the offense of Possession of a Controlled Substance with Intent to Distribute, as charged in Count 1, or are firearms and ammunition involved in his commission of the offense of Unlawful Possession of a Firearm, as charged in Count 3.

14. **Abandonment of Contraband.** Defendant also agrees that, if any federal law enforcement agency seized any illegal contraband that was in Defendant's direct or indirect control, Defendant consents to the federal administrative disposition, official use, and/or destruction of that contraband.

15. **Non-Prosecution of Additional Offenses.** As part of this Plea Agreement, the United States Attorney's Office for the Western District of Washington agrees not to prosecute Defendant for any additional offenses known to it as of the time of this Plea Agreement based upon evidence in its possession at this time, and that arise out of the conduct giving rise to this investigation, and moves to dismiss the remaining counts in the Indictment at the time of sentencing. In this regard, Defendant recognizes the United States has agreed not to prosecute all of the criminal charges the evidence establishes were committed by Defendant solely because of the promises made by Defendant in this Plea Agreement. Defendant agrees, however, that for purposes of preparing the Presentence Report, the United States Attorney's Office will provide the United States Probation Office with evidence of all conduct committed by Defendant.

Defendant agrees that any charges to be dismissed before or at the time of sentencing were substantially justified in light of the evidence available to the United States, were not vexatious, frivolous or taken in bad faith, and do not provide Defendant

Plea Agreement - 11
*United States v. Brandon Lee Stanley*, CR23-073 JNW

with a basis for any future claims under the "Hyde Amendment," Pub. L. No. 105-119 (1997).

16.    **Breach, Waiver, and Post-Plea Conduct.** Defendant agrees that, if Defendant breaches this Plea Agreement: (a) the United States may withdraw from this Plea Agreement and Defendant may be prosecuted for all offenses for which the United States has evidence; (b) Defendant will not oppose any steps taken by the United States to nullify this Plea Agreement, including the filing of a motion to withdraw from the Plea Agreement; and (c) Defendant waives any objection to the re-institution of any charges that previously were dismissed or any additional charges that had not been prosecuted.

Defendant further understands that if, after the date of this Plea Agreement, Defendant should engage in illegal conduct, or conduct that violates any conditions of release or the conditions of confinement (examples of which include, but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Pretrial Services Officer, Probation Officer, or Court), the United States is free under this Plea Agreement to file additional charges against Defendant or to seek a sentence that takes such conduct into consideration by requesting the Court to apply additional adjustments or enhancements in its Sentencing Guidelines calculations in order to increase the applicable advisory Guidelines range, and/or by seeking an upward departure or variance from the calculated advisory Guidelines range. Under these circumstances, the United States is free to seek such adjustments, enhancements, departures, and/or variances even if otherwise precluded by the terms of the Plea Agreement.

17.    **Waiver of Appellate Rights and Rights to Collateral Attacks.** Defendant acknowledges that, by entering the guilty plea(s) required by this Plea Agreement, Defendant waives all rights to appeal from Defendant's conviction, and any pretrial rulings of the Court, and any rulings of the Court made prior to entry of the judgment of conviction. Defendant further agrees that, provided the Court imposes a

Plea Agreement - 12
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

custodial sentence that is within or below the Sentencing Guidelines range (or the statutory mandatory minimum, if greater than the Guidelines range) as determined by the Court at the time of sentencing, Defendant waives to the full extent of the law:

        a.     Any right conferred by Title 18, United States Code, Section 3742, to challenge, on direct appeal, the sentence imposed by the Court, including any fine, restitution order, probation or supervised release conditions, or forfeiture order (if applicable); and

        b.     Any right to bring a collateral attack against the conviction and sentence, including any restitution order imposed, except as it may relate to the effectiveness of legal representation.

This waiver does not preclude Defendant from bringing an appropriate motion pursuant to 28 U.S.C. § 2241, to address the conditions of Defendant's confinement or the decisions of the Bureau of Prisons regarding the execution of Defendant's sentence.

If Defendant breaches this Plea Agreement at any time by appealing or collaterally attacking (except as to effectiveness of legal representation) the conviction or sentence in any way, the United States may prosecute Defendant for any counts, including those with mandatory minimum sentences, that were dismissed or not charged pursuant to this Plea Agreement.

18.    **Voluntariness of Plea**. Defendant agrees that Defendant has entered into this Plea Agreement freely and voluntarily, and that no threats or promises were made to induce Defendant to enter a plea of guilty other than the promises contained in this Plea Agreement or set forth on the record at the change of plea hearing in this matter.

19.    **Statute of Limitations**. In the event this Plea Agreement is not accepted by the Court for any reason, or Defendant breaches any of the terms of this Plea Agreement, the statute of limitations shall be deemed to have been tolled from the date of the Plea Agreement to: (1) thirty (30) days following the date of non-acceptance of the Plea Agreement by the Court; or (2) thirty (30) days following the date on which a breach

Plea Agreement - 13
*United States v. Brandon Lee Stanley*, CR23-073 JNW

UNITED STATES ATTORNEY
700 STEWART STREET, SUITE 5220
SEATTLE, WASHINGTON 98101
(206) 553-7970

of the Plea Agreement by Defendant is discovered by the United States Attorney's Office.

20.     **Completeness of Plea Agreement**.  The United States and Defendant acknowledge that these terms constitute the entire Plea Agreement between the parties, except as may be set forth on the record at the change of plea hearing in this matter.  This Plea Agreement binds only the United States Attorney's Office for the Western District of Washington.  It does not bind any other United States Attorney's Office or any other office or agency of the United States, or any state or local prosecutor.

Dated this ____ day of December, 2023.


_____
BRANDON LEE STANLEY
Defendant


_____
JESSE CANTOR
Attorney for Defendant


_____
TODD GREENBERG
Assistant United States Attorney


_____
CECELIA GREGSON
ERIKA EVANS
Assistant United States Attorneys

Plea Agreement - 14
*United States v. Brandon Lee Stanley*, CR23-073 JNW